1 COOLEY LLP
THOMAS J. FRIEL, JR. (SBN 80065)
2 (tfriel@cooley.com)
101 California Street
3 5th Floor
San Francisco, CA 94111-5800
4 Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222
5
SARAH J. GUSKE (SBN 232467)
6 (sguske@cooley.com)
WAYNE O. STACY (*pro hac vice*)
7 (wstacy@cooley.com)
380 Interlocken Crescent, Suite 900
8 Broomfield, CO  80021-8023
Telephone:     (720) 566-4000
9 Facsimile:     (720) 566-4099

10 Attorneys for Plaintiff
Open Text S.A.
11

A. James Isbester (Bar No. 129820)
Byron R. Chin (Bar No. 259846)
KILPATRICK TOWNSEND & STOCKTON LLP
Eighth Floor, Two Embarcadero Center
San Francisco, CA 94111
Telephone:  415-576-0200
Facsimile:  415-576-0300
jisbester@kilpatricktownsend.com
bchin@kilpatricktownsend.com

William H. Boice, Esq. (*pro hac vice*)
Audra A. Dial (*pro hac vice*)
Michael J. Turton (*pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
Suite 2800, 1100 Peachtree Street NE
Atlanta, GA  30309
Telephone:  404-815-6464
Facsimile:  404-541-3134
bboice@kilpatricktownsend.com
adial@kilpatricktownsend.com
mturton@kilpatricktownsend.com

12

13

14

15

Steven Gardner (*pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1001 W. Fourth Street
Winston-Salem, NC 27101
Telephone:  336-607-7300
Facsimile:  336-607-7500
sgardner@kilpatricktownsend.com

16

17

Counsel for Defendants Alfresco Software Ltd.,
Alfresco Software, Inc. and Carahsoft Technology
Corporation

18 UNITED STATES DISTRICT COURT

19 NORTHERN DISTRICT OF CALIFORNIA

20 SAN FRANCISCO DIVISION

21 OPEN TEXT S.A.,

22 Plaintiff,

23 v.

24 ALFRESCO SOFTWARE LTD.;
ALFRESCO SOFTWARE, INC.; and
25 CARAHSOFT TECHNOLOGY
CORPORATION,
26

27 Defendants.

28

Case No.  C 13-04843 JD

**JOINT CASE MANAGEMENT STATEMENT,
DISCOVERY PLAN & [PROPOSED] ORDER**

**DEMAND FOR JURY TRIAL**

1    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Civil Local Rule 16-9,

2   Plaintiff Open Text S.A. ("Open Text") and Defendants Alfresco Software Ltd. and Alfresco

3   Software, Inc. ("Alfresco") and Carahsoft Technology Corporation ("Carahsoft") (collectively

4   "Defendants") hereby submit the following Joint Case Management Statement and Discovery Plan.

5   **I.     JURISDICTION & SERVICE:** This Court has jurisdiction over the subject matter of this

6   action pursuant to 28 U.S.C. §§ 1331, 1338, and the Patent Laws of the United States, 35 U.S.C. § 1,

7   et seq.  Venue is proper in this district and the Court has personal jurisdiction over all current parties.

8   **II.    FACTS**

9    Open Text filed the Complaint in this case on June 5, 2013, seeking damages, preliminary

10  and permanent injunctions, and other relief, alleging that Defendants directly and indirectly and

11  willfully infringe U.S.  Patent Nos. 7,647,372; 7,975,007; 6,223,177; 6,917,962; 7,287,055;

12  7,299,258; 7,320,018; 7,734,694; and 8,176,122.  Open Text contends that it is the sole holder of all

13  right, title, and interest in the '372, '007, '177, '962, '055, '258, '018, '694, and '122 patents

14  (collectively, the "Patents-in-Suit").  Defendants have not yet answered the Complaint.

15   The principal factual issues in dispute are:

16  1.    whether Defendants have infringed and are infringing the Patents-in-Suit;

17  2.    whether Defendants have actively induced and/or contributed to the infringement by

18       others of the Patents-in-Suit;

19  3.    whether any such infringement by Defendants is willful;

20  4.    whether the Patents-in-Suit are valid;

21  5.    whether Open Text is entitled to a preliminary and permanent injunction;

22  6.    the amount of Open Text's damages, if any;

23  7.    the amount of enhanced damages, under 35 U.S.C. §§ 284 and 285, if any; and

24  8.    the identification of any other relief that is warranted for any infringement by

25       Defendants.

26  **III.   LEGAL ISSUES**:  The principal disputed legal issues in this action are:

27  1.    the construction of the claims of the patents-in-suit;

28  2.    issues of law related to each factual issue set forth in Section II above.

No.: 5:13-cv-04843-JD                    – 1 –

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

**IV.    MOTIONS:** The motions thus far in this action:

| Docket No. | Title | Status |
|---|---|---|
| 37 | Defendants' Motion to Transfer Case | Granted |
| 35 | Defendants' Motion to Dismiss Plaintiff's First and Second Causes of Action | Pending |

**V.    AMENDMENT OF PLEADINGS:** Open Text reserves its right to seek leave to amend or supplement its pleadings to allege infringement of additional patents or to add additional parties as discovery continues depending upon the schedule adopted by the Court in this case.  Defendants reserve their right to seek leave to amend or supplement their pleadings (once filed) to assert additional defenses and counterclaims as discovery and the case progresses.

**VI.    EVIDENCE PRESERVATION:** All parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties confirm that they have met and conferred pursuant to Fed. R. Civ. Proc. 26(f) regarding the reasonable and proportionate steps taken to preserve relevant information.

**VII.    DISCLOSURES:**  The parties met and conferred on March 3, 2014, regarding initial disclosures, early settlement, ADR process selection, and the discovery plan.  The parties served their initial disclosures on March 21, 2014.  The parties reserve their rights to supplement their disclosures as discovery continues.

**VIII.  DISCOVERY**

    **A.    Discovery taken to date.** Discovery commenced on March 3, 2014.

    **B.    Scope of discovery.** The parties anticipate that the scope of discovery in this case will include at least the topics identified as principal factual issues in Section II above.  The parties intend to continue pursuing discovery in the form of requests for production of documents and things, interrogatories, depositions, and other forms of discovery authorized by the Federal Rules, including discovery on non-parties.  The parties reserve all rights to seek modifications of the limits discussed below and agree to confer in good faith if a need arises for additional discovery and/or modifications of limits on discovery.  If this case is consolidated with the related *Open Text S.A. v. Box, Inc., et al.*, (Case No. C 13-04910 JD) case (see Section X, below) for discovery purposes, the discovery limits proposed below may need to be revisited.

**C.      Agreed discovery-related issues.**

**1.      Requests for Admission and for Documents** – The parties agree that there should be no limits beyond those set forth in Federal Rule of Civil Procedure 36 on requests for admissions and in Federal Rule of Civil Procedure 34 on requests for production.

**2.      Interrogatories** – The parties agree that an interrogatory directed toward all asserted patents and/or all accused products will count as a single interrogatory.  The parties agree to the following interrogatory limits only if this case is not consolidated with the *Box* Case:  Open Text will be limited to 20 common interrogatories to Defendants, 10 interrogatories to the Alfresco Defendants, and 10 interrogatories to Carahsoft.  Defendants are limited to 20 collective interrogatories to Open Text and 10 individual interrogatories to Open Text from the Alfresco Defendants and 10 individual interrogatories from Carahsoft.  If this case is consolidated with the Box Case, the parties' disputed interrogatory proposals are in Section VIII(D)(3), below.

**3.      Electronic Service** – The parties agree to accept service by e-mail, with hard copies to follow by overnight mail upon request.  The parties have established e-mail distribution lists accessible through a single external e-mail address.  Three days shall be added to the time to respond to discovery requests served via email in accordance with FRCP 6(d).  The time to respond to Court filings, whether or not filed under seal, is not impacted by this provision, but the parties will serve sealed documents the same day they are filed via electronic means if possible.

**4.      Stipulated Protective Order** – The parties agree that a stipulated protective order will be required and are working in good faith to prepare a proposed order for the Court.

**5.      E-Discovery** – The parties agree that documents and electronically-stored information (ESI) shall be produced in accordance with a Stipulated Order Regarding Discovery of Electronically-Stored Information and Hard Copy Documents ("Stipulated ESI Order") to be filed separately.

**6.      Expert Depositions –** The parties agree to 7 hours of depositions per expert, per report.  Each expert witness providing a report may be deposed for up to seven hours during a single day for each expert report served.

**D.      Disputed discovery-related issues.**

1        **1.**      **Acceptance of service of subpoenas and document requests:**  **Open Text's**

2 **Proposal:**  Open Text's counsel agrees to accept service of properly-issued corporate deposition

3 subpoenas and document subpoenas on behalf of non-parties Open Text, Inc. and Open Text Corp.

4 But these are nonparty entities not under the control of Open Text and, therefore, they require

5 legally-cognizable discovery process as a result of their third-party status.  In addition, Open Text

6 Corp. is a Canadian corporate citizen subject to Canadian law and requires valid Canadian legal

7 process to provide discovery.  **Defendants' Proposal:**  Defendants request that Open Text agree that

8 Defendants not be required to issue subpoenas to these Open Text related entities and, instead, that

9 deposition notices and document requests to Open Text, Inc. and Open Text Corp. could be served

10 as if they were a party to this lawsuit.

11        **2.**      **Party and Third Party Depositions:**  **Open Text's Proposal:**  Party Depositions: 70

12 hours of party depositions, where no single day of deposition testimony will last more than seven

13 hours.  For purposes of calculating hours for party depositions, the depositions of witnesses

14 employed by Open Text entities Open Text Corp. and Open Text, Inc. would be counted as Party

15 Depositions. To the extent permitted, Open Text's counsel agrees to cooperate in coordinating the

16 depositions of employees of non-party Open Text entities Open Text Corporation and Open Text,

17 Inc.  Third-Party Depositions:  80 hours of third-party depositions per side (i.e. Plaintiff and

18 Defendants) (including third-party inventors but not including expert depositions), with no limit on

19 the number of depositions and with a limit of seven hours per witness.  To the extent permitted,

20 Open Text's counsel agrees to cooperate in coordinating the depositions of any non-party inventors

21 that Open Text's counsel will represent.  Open Text notes that Defendants previously agreed to the

22 above deposition limits.  (Dkt. No. 109 at p. 4, § VIII(C)(7).)  Consolidation:  If the cases are

23 consolidated, Open Text proposes it be allowed 60 hours of party depositions against each

24 Defendant Group (Box/Carahsoft and Alfresco Defendants/Carahsoft) and that consolidated

25 Defendants be collectively allowed 50 hours of party depositions against Open Text on common

26 issues and an additional 10 hours per consolidated Defendant on issues unique to individual

27 Defendants.  Third-party deposition limits to remain unchanged, except Defendants' hours will be

28 allocated across all consolidated Defendants.  Defendants are using the guise of consolidation, which

1   has not yet occurred, to try and add an additional 120 hours of depositions over what they previously

2   agreed to.  (Dkt. No. 109 at p. 4, § VIII(C)(7).)  Open Text believes consolidation should streamline

3   discovery and Defendants' proposed massive expansion of deposition limits frustrates this purpose.

4   **Defendants' Proposal**:[1]  Party Depositions:  Defendants in the consolidated cases collectively are

5   entitled to up to 120 hours of depositions of the Open Text entities and their employees; Open Text

6   is entitled to 60 hours of each Defendant Group (Box/Carahsoft and Alfresco/Carahsoft are each a

7   Defendant Group). No single day of deposition testimony will last more than seven hours.  For

8   purposes of calculating hours for party depositions, the depositions of witnesses employed by Open

9   Text entities Open Text Corp. and Open Text, Inc. would be counted as Party Depositions. To the

10  extent permitted, Open Text's counsel agrees to cooperate in coordinating the depositions of

11  employees of non-party Open Text entities Open Text Corporation and Open Text, Inc.  Third-Party

12  Depositions:  Plaintiff and Defendants in the consolidated cases collectively are entitled to up to 80

13  hours of third-party depositions per side (i.e. Plaintiff and consolidated Defendants) (not including

14  expert depositions or Inventor depositions), with no limit on the number of depositions and with a

15  limit of seven hours per witness.  Inventor Depositions:  At this juncture, Open Text's counsel has

16  not determined which, if any, of the inventors of the Patents-in-Suit it will be representing in this

17  case.  Each of the 10 named inventors may be deposed for up to 7 hours each collectively by

18  Defendants in the consolidated cases, with the parties to meet and confer regarding whether the time

19  limit may be reduced.  Third-party deposition time limits do not apply, as set forth above.  To the

20  extent permitted, Open Text's counsel agrees to cooperate in coordinating the depositions of any

21  non-party inventors that Open Text's counsel will represent.

22          **3.          Consolidated Case Interrogatory Limits**:  **Open Text's Proposal**:  If the cases are

23  consolidated, Open Text will be limited to 20 collective interrogatories to each Defendant Group

24  (Box/Carahsoft  and  Alfresco  Defendants/Carahsoft)  and  10  individual  interrogatories  to  each

25  consolidated Defendant; consolidated Defendants will be limited to 20 collective interrogatories to

---

[1] Defendants propose this deposition discovery plan assuming the Court consolidates this case with the *Box* case for claim construction, validity, and discovery issues.  Should the Court not consolidate the two matters, the Defendants agree that for Party depositions, each side be entitled to 70 hours of party depositions and each party be entitled to 80 hours of third-party depositions per side, which would include inventor depositions.

1  Open Text and 10 individual interrogatories to Open Text from each consolidated Defendant.

2  **Defendants' Proposal:**  Open Text will be limited to 20 common interrogatories to each Defendant

3  Group, 10 interrogatories to the Alfresco Defendants, and 10 interrogatories to Carahsoft.  Each

4  Defendant Group is limited to 20 collective interrogatories to Open Text and 10 individual

5  interrogatories to Open Text from the Alfresco Defendants and 10 individual interrogatories from

6  Carahsoft.

7  **IX.**     **CLASS ACTIONS:**  This is not a class action.

8  **X.**      **RELATED CASES:**  *Open Text S.A. v. Box, Inc., et al.* (Case No. C 13-04910 JD) (the "*Box*

9  Case").  Before reassignment, Judge Davila stated that he intended to consolidate the cases (*see* Case

10  Number 13-4843, Transcript of Proceedings April 10, 2014 at p. 4:14-25); however, to date there has

11  been no consolidation order.

12  **XI.**    **RELIEF**

13       **Open Text's Sought Relief:** Open Text seeks the relief of an order of the Court that

14  Defendants have been, and are currently, directly and indirectly infringing each of the Patents-in-

15  Suit; a determination that Defendants' acts of infringement are willful; an award of damages to

16  compensate Open Text for Defendants' past infringement, through the date of trial in this action, of

17  the Patents-in-Suit; an award by the Court of pre- and post-judgment interest on such damages; an

18  order by the Court for an accounting of damages incurred by Open Text between the close of fact

19  discovery and the entry of a final, non-appealable judgment, including for willful infringement; a

20  determination that this patent infringement case is exceptional pursuant to 35 U.S.C. §§ 284 and 285

21  and an award to Open Text of its costs and attorneys' fees incurred in this action; an order of the

22  Court preliminarily and permanently enjoining Defendants from infringing any of the Patents-in-

23  Suit; if the Court declines to enjoin Defendants from infringing any of the Patents-in-Suit, an award

24  of damages for future infringement in lieu of an injunction including exemplary damages, attorneys'

25  fees, and costs for willful infringement; and an award of such other and further relief as the Court

26  deems just and appropriate, or that Open Text may be entitled to as a matter of law or equity.

27       **Defendants' Sought Relief:** Defendants have not yet answered the Complaint and have not,

28  therefore, requested relief.

No.: 5:13-cv-04843-JD                – 6 –

1   **XII.   SETTLEMENT AND ADR:**  The parties agreed to private mediation.  Dkt. 106.

2   **XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**   Whether all parties

3   will consent to have a magistrate judge conduct all further proceedings including trial and entry of

4   judgment.   ____ YES   **X**  NO

5   **XIV.   OTHER REFERENCES:**  The parties do not presently believe that the case is suitable to

6   refer to binding arbitration or a special master.  Additionally, they do not believe that this case is

7   suitable to reference to the Judicial Panel on Multidistrict Litigation.  The parties propose that this

8   Court should handle all claim construction, pretrial, and trial issues.

9   **XV.   NARROWING OF ISSUES**

10       **Open Text's Position on Narrowing:**  Open Text anticipates that issues may be narrowed

11   by agreement or by motion as discovery progresses.  Open Text proposes asserted claim and prior art

12   theory narrowing as set forth in the proposed schedule.

13       **Defendants' Position on Narrowing:**  Defendants propose asserted claim and prior art

14   reference narrowing that is generally consistent with the narrowing schedule endorsed by the Eastern

15   District of Texas as set forth in their proposed schedule.

16   **XVI.   EXPEDITED TRIAL PROCEDURE:**  Subject to reconsideration in light of any early

17   dispositive motion rulings or other developments in the case, the parties do not currently believe that

18   this case is appropriate for an expedited schedule under General Order 64.

19   **XVII. SCHEDULING:  Open Text's Proposal:**  Open Text proposes an accelerated schedule for

20   the issues to be consolidated with the *Box* Case (to the extent that this Court adopts Judge Davila's

21   view on consolidation).  Both cases have been pending since June 5, 2013, and in this case Open

22   Text served infringement contentions on March 28, 2014 and discovery opened on March 3, 2014.

23   Moreover, as both cases are injunction cases between competitors, an accelerated schedule will serve

24   the interests of the parties.  Further, any trial date after October 10, 2015, is more than 18 months

25   from the April 10, 2014 case management conference.  (Dkt. Nos. 110, 115.)  Because this case has

26   already been pending for a year, Open Text contends that the additional delay sought by Defendants

27   is unwarranted and prejudicial.  **Defendants' Proposal:**  In compliance with the instruction of Judge

28   Davila to consolidate this case with the *Box* case for claim construction, validity, and discovery

issues (*see* Case Number 13-4843, Transcript of Proceedings April 10, 2014 at p. 4:11, 14-25), Defendants propose a schedule based on the Patent Local Rules deadlines with June 27, 2014 as the due date for Defendants' Preliminary Invalidity Contentions and Patent L.R. 3-4 Document Production and as the basis for calculating all subsequent due dates, including a proposed trial date of December 8, 2015.

| EVENT | OPEN TEXT'S PROPOSED DATES | DEFENDANTS' PROPOSED DATES |
|---|---|---|
| Fed. R. Civ. P. 26(a)(1) Initial Disclosures | March 21, 2014 | March 21, 2014 |
| Initial Case Management Conference | June 18, 2014 | June 18, 2014 |
| Patent L.R. 3-1 Preliminary Infringement Contentions and Patent L.R. 3-2 Document Production | Served on March 28, 2014 | Served on March 28, 2014 |
| Patent L.R. 3-3 Preliminary Invalidity Contentions and Patent L.R. 3-4  Document Production | June 20, 2014 | June 27, 2014 |
| Last Day to Serve Preliminary Election of Asserted Claims—Plaintiff to Elect No More than 32 Claims | June 27, 2014 | September 25, 2014 |
| Last Day for Defendants to Serve Preliminary Election of Asserted Prior Art | July 7, 2014 – Open Text's Proposal:  Defendants to Narrow Number of Prior Art References to Not More than 12 References Against Each Patent and Not More than 40 Total References.<br><br>If, in its Preliminary Election of Asserted Claims, Open Text reduces the total number of patents asserted (from 9 to a lower number), then Defendants shall narrow prior art references to no more than 9 references against each patent asserted, and the total number of references shall be reduced by 2 for each patent that Open Text eliminates. | October 9, 2014 – Defendants' Proposal: Defendants to Narrow Number of Prior Art References to Not More than 40 Total References.<br><br>If, in its Preliminary Election of Asserted Claims, Open Text reduces the total number of patents asserted (from 9 to a lower number), then the total number of references Defendants may submit shall be reduced by 2 for each patent that Open Text eliminates. |
| Patent L.R. 4-1 Exchange of Proposed Terms | July 11, 2014 | July 11, 2014 |
| Patent L.R. 4-2 Exchange of Preliminary Claim Constructions | July 18, 2014 | August 1, 2014 |
| Patent L.R. 4-3 Joint Claim | July 30, 2014 | August 26, 2014 |

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

| EVENT | OPEN TEXT'S PROPOSED DATES | DEFENDANTS' PROPOSED DATES |
|---|---|---|
| Construction and Prehearing Statement | | |
| Patent L.R. 4-4 Close of Claim Construction Discovery | August 8, 2014 | September 25, 2014 |
| Patent L.R. 4-5(a) Opening Claim Construction Brief | August 15, 2014 | October 10, 2014 |
| Patent L.R. 4-5(b) Responsive Claim Construction Brief | August 22, 2014 | October 24, 2014 |
| Patent L.R. 4-5(c) Reply Claim Construction Brief | August 27, 2014 | October 31, 2014 |
| Tutorial | September 17, 2014, if convenient for the Court | November 14, 2014, if convenient for the Court |
| Claim Construction Hearing | September 17, 2014, if convenient for the Court | November 14, 2014, if convenient for the Court |
| Fact Discovery Cut-off | September 17, 2014 | February 27, 2015 |
| Final Election of Asserted Claims—Plaintiff to Elect No More than 16 Claims | September 17, 2014 | March 13, 2015 |
| Final Election of Invalidity Theories | September 26, 2014 – Open Text's Proposal:  Defendants to Elect No More than 3 Prior Art Invalidity Theories per Claim and No More Than 20 References Total | April 10, 2015 -- Defendants' Proposal: Defendants to Elect No More Than 20 References Total |
| Opening Expert Reports Due (on any issue for which a party bears the burden of proof) | September 26, 2014 | April 10, 2015 |
| Rebuttal Expert Reports Due | October 8, 2014 | May 13, 2015 |
| Expert Discovery Cut-off | October 17, 2014 | June 17, 2015 |
| Deadline for Filing Dispositive Motions (including *Daubert* Motions) | October 31, 2014 | July 24, 2015 |
| Final Pretrial Conference | February 25, 2015, if convenient for the Court[2] | November 23, 2015, if convenient for the Court[3] |
| Jury Trial | March 11, 2015, if convenient for the Court | December 8, 2015, if convenient for the Court |

**XVIII.   TRIAL:**  The parties have requested a jury trial on all issues triable to a jury.  Open Text

---

[2] Open Text proposes that the parties also adopt a schedule and procedures for the completion of pretrial events, including, for example: motions *in limine* deadlines; exhibit lists and objections exchanges; deposition designations and objections and counter-designations exchanges; joint proposed jury instruction submission; exhibit submissions; and witness lists and objections submissions.

[3] Defendants propose the dates of the final pretrial conference and trial to occur after the Box pretrial conference and trial with the understanding that Judge Davila indicated that this case be consolidated with the Box case only for pretrial purposes.

1   estimates that the trial will last six Court days.  Defendants estimate that the trial will last seven to

2   ten Court days.

3   **XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**   The

4   parties have filed the required Certifications of Interested Entities or Persons as required by Civil

5   Local Rule 3-16.

6   **XX.   PATENT RELATED ISSUES PURSUANT TO PATENT LOCAL RULE 2-1(A)**

7        The parties propose addressing the topics required by Patent L.R. 2-1(a) as follows:

8        1. Proposed Modification of the Deadlines set forth in the Patent Local Rules: **Open Text's**

9   **Proposal:**   Open Text proposes modifying the deadlines set forth in the Patent Local Rules

10  according to its above-proposed schedule.  **Defendants' Proposal**:  Defendants propose the above

11  schedule set forth in the Patent Local Rules based on a June 27, 2014 as the due date for Defendants'

12  Preliminary Invalidity Contentions and Patent L.R. 3-4 Document Production and do not propose

13  modifying the deadlines set forth in the Patent Local Rules.

14       2. Claim Construction Discovery, Including from Expert Witnesses:  The parties do not

15  envision any further limits on discovery related to claim construction.  To the extent either party

16  relies on factual or expert testimony or declarations to support any claim construction position, the

17  parties agree that they shall meet and confer about the timing of depositions of each individual upon

18  whose testimony or declaration a party may rely.

19       3. Claim Construction Hearing Format: **Open Text's Proposal**:  Open Text proposes that

20  Open Text present first.  Open Text does not currently anticipate presenting live testimony at the

21  Claim Construction Hearing, but reserves the right to present live expert testimony should the Court

22  permit it.  Open Text estimates the length of the Hearing will be approximately 4 hours.

23  **Defendants' Proposal**:  The Claim Construction Hearing proceeds on a term-by-term basis, with

24  Open Text going first on each odd-numbered term, and Defendants presenting first on each even-

25  numbered term.  Defendants estimate the length of the Hearing be approximately 4 hours – 2 hours

26  per side.

27       4. Plan for Educating the Court on the Technology at Issue:  The parties propose that they

28  each present a technology tutorial to the Court.

1

## <u>CASE MANAGEMENT ORDER</u>

2   The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as

3   the Case Management Order for this case and all parties shall comply with its provisions. [In

4   addition, the Court makes the further orders stated below:]

5

6   IT IS SO ORDERED.

7   Dated:

8                                                               UNITED STATES DISTRICT/MAGISTRATE
                                                                JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No.: 5:13-cv-04843-JD                – 11 –

1  Dated:    June 11, 2014                                Respectfully submitted,

2                                                         COOLEY LLP

3                                                          /s/ Sarah J. Guske
                                                         Thomas J. Friel, Jr. (80065)
4                                                        Sarah J. Guske (232467)

5                                                        Wayne O. Stacy (*pro hac vice*)
6                                                        Brian J. Eutermoser (*pro hac vice*)
                                                         Britton F. Davis (*pro hac vice*)
7                                                        Sara J. Radke (*pro hac vice*)
                                                         Angela L. Campbell (*pro hac vice*)
8                                                        COOLEY LLP
9                                                        380 Interlocken Crescent, Suite 900
                                                         Broomfield, CO 80021-8032
10                                                       Telephone: (720) 566-4000
                                                         Facsimile: (720) 566-4099
11                                                       wstacy@cooley.com
                                                         beutermoser@cooley.com
12                                                       bdavis@cooley.com
                                                         sradke@cooley.com
13                                                       acampbell@cooley.com

14
                                                         *Attorneys for Plaintiff Open Text S.A.*
15
   Dated:  June 11, 2014
16

17                                                        /s/ Byron R. Chin
                                                         A. James Isbester (Bar No. 129820)
18                                                       Byron R. Chin (Bar No. 259846)
                                                         KILPATRICK TOWNSEND & STOCKTON LLP
19                                                       Eighth Floor, Two Embarcadero Center
                                                         San Francisco, CA 94111
20                                                       Telephone:  415-576-0200
                                                         Facsimile:  415-576-0300
21                                                       jisbester@kilpatricktownsend.com
                                                         bchin@kilpatricktownsend.com
22

23                                                       William H. Boice (*pro hac vice*)
24                                                       Audra A. Dial (*pro hac vice*)
                                                         Michael J. Turton (*pro hac vice*)
25                                                       KILPATRICK TOWNSEND & STOCKTON LLP
                                                         Suite 2800, 1100 Peachtree Street NE
26                                                       Atlanta, GA  30309
                                                         Telephone:  404-815-6464
27                                                       Facsimile:  404-541-3134
                                                         bboice@kilpatricktownsend.com
28

1

2

adial@kilpatricktownsend.com
mturton@kilpatricktownsend.com

3

Steven Gardner (*pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1001 W. Fourth Street
Winston-Salem, NC 27101
Telephone:  336-607-7300
Facsimile:  336-607-7500
sgardner@kilpatricktownsend.com

4

5

6

7

*Counsel for Defendants Alfresco Software
Ltd.,  Alfresco Software, Inc. and Carahsoft
Technology Corporation*

8

9

10

11  Pursuant to Local Rule 5-1(i)(3) regarding signatures, I, Sarah J. Guske, attest that concurrence in

12  the filing of this document has been obtained from each of the other signatories.  I declare under

13  penalty of perjury under the laws of the United States of America that the foregoing is true and

14  correct.  Executed this 11th day of June, 2014 at Broomfield, Colorado.

15

16

 */s/ Sarah J. Guske*
Sarah J. Guske

17

18

19

20

21

22

23

24

25

26

27

28