KILPATRICK TOWNSEND & STOCKTON LLP
A. James Isbester (State Bar No. 129820)
Byron R. chin (State Bar No. 259846)
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111
Telephone:    (415) 576-0200
Facsimile:    (415) 576-0300
jisbester@kilpatricktownsend.com
bchin@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON LLP
William H. Boice *(pro hac vice)*
Audra A. Dial *(pro hac vice)*
Michael J. Turton *(pro hac vice)*
Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309
Telephone: 404-815-6464
Facsimile: 404-541-3134
bboice@kilpatricktownsend.com
adial@kilpatricktownsend.com
mturton@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON LLP
Steven Gardner *(pro hac vice)*
1001 W. Fourth Street
Winston-Salem, NC 27101
Telephone: 336-607-7300
Facsimile: 336-607-7500
sgardner@kilpatricktownsend.com

*Counsel for Defendants Alfresco Software Ltd.,
Alfresco Software, Inc. and Carahsoft Technology Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPEN TEXT S.A.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALFRESCO SOFTWARE LTD., ALFRESCO SOFTWARE, INC. AND CARAHSOFT TECHNOLOGY CORPORATION,<br><br>　　　　Defendants. | Civil Action No. 13-CV-04843 JD<br><br>**STATEMENT OF RECENT DECISION RELEVANT TO DEFENDANTS' MOTION TO DISMISS (DKT. 35)** |



As requested by the Court during the recent Case Management Conference, Defendants provide notice of the U.S. Supreme Court's opinion in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. ___, No. 13-298, 2014 WL 2765283 (June 19, 2014) (slip opinion attached as Exhibit 1). *Alice* is relevant to the Defendants' pending Motion to Dismiss Plaintiff's First and Second Causes of Action for Failure to State a Claim (Dkt. No. 35).

The Supreme Court's opinion in *Alice* confirms the invalidity of Plaintiff's U.S. Patent No. 7,647,372 ("the '372 patent") and U.S. Patent No. 7,975,007 ("the '007 patent") under 35 U.S.C. § 101. In their prior briefing, Defendants applied the Supreme Court's "inventive concept" analysis from *Mayo Collaborative Services v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012), to show the invalidity of the claims of both the '372 patent and '007 patent under § 101. *See, e.g.*, Dkt. No. 36 at 15–21; Dkt. No. 57 at 9–10. In *Alice*, the Supreme Court applied the ***same analysis*** from *Mayo* to hold invalid similar patent claims. Ex. 1 ("*Alice*"), at 7–17. Plaintiff's only non-procedural response to Defendants' showing under *Mayo* was to argue that the patent claims provide "a specific way of interactive communication ***using a computer***" by virtue of common computer-related claim limitations (*e.g.*, "network"; "instruction"; "program"; "email"; "website"). *See* Dkt. 43 at 14–15 (emphasis added). The Supreme Court in *Alice*, however, explicitly held that common computer-related limitations are "purely conventional and generic" and that "claims[] which merely require generic computer implementation[] fail to transform [an] abstract idea into a patent-eligible invention." *See Alice*, at 10. In other words, "[s]tating an abstract idea while adding the words 'apply it with a computer'" cannot transform an abstract idea into a patent-eligible invention. *Alice*, at 13. Defendants have previously demonstrated that the claims of the '372 and '007 patent describe no more than an abstract idea implemented in a conventional, generic manner via a computer. *Alice* confirms that such claims are invalid and explicitly rejects Plaintiff's argument otherwise. Accordingly, the Court should grant Defendants' Motion to Dismiss Plaintiff's First and Second Causes of Action.

I. **The *Alice* Opinion**

In *Alice*, the Supreme Court held that the patent claims at issue were "drawn to the abstract idea of intermediated settlement" and that "merely requiring generic computer implementation



STATEMENT OF RECENT DECISION - 1 -
CASE NO. 13-CV-04843 JD

fail[ed] to transform that abstract idea into a patent-eligible invention." *Alice*, at 1.

The claims at issue in *Alice* span four patents all related to a computerized scheme for mitigation of "settlement risk"—"the risk that only one party to an agreed-upon financial exchange will satisfy its obligation." *Id.* at 1–2. In particular, the claims recite the use of a computer system as a third-party intermediary in this scheme. *Id.* The parties agreed that method claim 33 ("A method of exchanging obligations as between parties …") of U.S. Patent No. 5,970,479 was representative of the four patents. *Id.* at 2 n.2. Generally, method claim 33 requires four steps: (a) creating a shadow credit record and shadow debit record; (b) obtaining balance data for each record; (c) adjusting each record as transactions are entered; and (d) issuing instructions to exchange institutions to carry out permitted transactions. *See id.* at 14.[1] The *Alice* patents include similar system and computer-readable medium claims. *Id.* at 3.

In addressing the patent eligibility of the claims under 35 U.S.C. § 101, the Supreme Court utilized the two-prong framework previously established by the Supreme Court in *Mayo*: (1) determine whether the claims are directed to a law of nature, natural phenomena, or abstract idea; and (2) if so, "search for an 'inventive concept'"—"*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Alice*, at 7 (quoting *Mayo*).

Following this framework, the Court first determined that the claims at issue were drawn to the abstract idea of "intermediated settlement." *Alice*, at 7–10. The Court analogized the claims to the claims found invalid in *Bilski v. Kappos*, 561 U.S. 593 (2010), which "described a method for hedging against the financial risk of price fluctuations." *Id.* at 8. The *Bilski* Court determined that "hedging is a fundamental economic practice long present in our system of commerce and taught in any introductory finance class" and that the "concept of hedging" as recited by the claims was a patent-ineligible abstract idea. *Id.* at 8–9; *see Bilski*, 561 at 611. The *Alice* Court similarly determined that the concept of "intermediated settlement" was a "fundamental economic practice long present in our system of commerce" and that the use of a third-party intermediary was a "building block of the modern economy." *Alice*, at 9. As such, the Court determined that the

---

[1] The full text of claim 33 appears in footnote 2 of the *Alice* opinion. *See* Ex. 1 at 2 n.2.

1  claims recited an abstract idea. *Id.* The Court was not persuaded by the petitioner's argument that
2  abstract ideas should be confined to "preexisting, fundamental truths" that "exist in principle apart
3  from any human action." *Id.* at 10. Indeed, the Court explicitly stated that *Bilski* "belies" that
4  assertion, noting that the concept of risk hedging at issue in *Bilski* involved "organizing human
5  activity" and not merely a "'truth' about the natural world 'that has always existed.'" *Id.*

6  Continuing on to the second step of the *Mayo* analysis, the *Alice* Court held that the claims,
7  "which merely require generic computer implementation, fail to transform [the abstract idea of
8  intermediated settlement] into a patent-eligible invention." *Alice*, at 10. It was clear from *Mayo*
9  that "to transform an unpatentable [abstract idea] into a patent-eligible application of such [an
10 idea], one must do more than simply state the [idea] while adding the words 'apply it.'" *Mayo*,
11 132 S. Ct. at 1294. The *Alice* court extended that holding into the realm of computers, explaining
12 that "[t]he introduction of a computer into the claims does not alter the analysis at *Mayo* step two."
13 *Alice*, at 11. In other words, "if a patent's recitation of a computer amounts to a mere instruction
14 to 'implemen[t]' an abstract idea 'on a computer' … that addition cannot impart patent eligibility."
15 *Id.* at 13 (citing *Mayo*). "Given the ubiquity of computers, … wholly generic computer
16 implementation" is not generally the sort of additional "inventive concept" required by *Mayo*. *Id.*

17 The petitioner in *Alice* argued that the method claims at issue were patent eligible because
18 the claimed steps "require a substantial and meaningful role for the computer." *Alice*, at 14. The
19 Supreme Court disagreed, holding that the claims did nothing more "than simply instruct the
20 practitioner to implement the abstract idea [] on a generic computer." *Id.* For example, the
21 Supreme Court found that the uses of a computer to create electronic records, obtain data, adjust
22 data, and issue instructions were all "well-understood, routine, conventional activities." *Id.* at 15.
23 "In short, each step does no more than require a generic computer to perform generic computer
24 functions." *Id.* Even considered in combination, the claimed steps "ad[d] nothing … that is not
25 already present when the steps are considered separately." *Id.* The Court determined that
26 "[v]iewed as a whole, [the] method claims simply recite the concept of intermediated settlement as
27 performed by a generic computer." *Id.* The Court explicitly held that this is not "'*enough*' to
28 transform an abstract idea into a patent-eligible invention." *Id.* at 15–16 (emphasis by Court).



STATEMENT OF RECENT DECISION - 3 -
CASE NO. 13-CV-04843 JD

1     Similarly, the petitioner argued that system and computer-readable medium claims at issue in *Alice* recited "specific hardware" (*e.g.*, "communications controlled"; "data storage unit") configured to perform "specific computerized functions." *Alice*, at 16. The Supreme Court, however, found the alleged "specific hardware" to be "purely functional and generic." *Id.* In short, the Supreme Court held that the non-method claims recited a "handful of generic computer components configured to implement the same [abstract] idea" as the method claims—"Because petitioner's system and media claims add nothing of substance to the underlying abstract idea, we hold that they too are patent ineligible under § 101." *Id.*

## II.    Impact of the *Alice* Opinion With Respect to the '372 Patent and the '007 Patent

    *Alice* confirms the invalidity of the claims of the '372 patent and '007 patent under 35 U.S.C. § 101. Both the method and non-method claims of these two patents are directed to an abstract idea and contain no "inventive concept." *See*, *e.g.*, Dkt. No. 36 at 15–30.

    Similar to the "hedging" concept in *Bilski* and the "intermediated settlement" concept in *Alice*, the claims of the '372 patent and the '007 patent recite the abstract idea of "interactive marketing"—select a sub-set of people from a group with which you have communicated and then perform an action with the sub-set. *See* Dkt. No. 36 at 8–15, 16–21. "Interactive marketing," as coined and described by the patents, is a fundamental economic practice long present in our system of commerce. *See* Dkt. No. 36 at 18 nn.70–71; *see, e.g.*, Dkt. No. 36 at Exhibit 17, col. 1, ll. 7–14 (prior art reference describing "a system which flexibly and efficiently delivers targeted promotional messages to end-user subscribers, preferably based on profiles, preferences and/or interests."); Dkt. No. 36 at Exhibit 18, Abstract (prior art reference describing "[a] process for generating a script … to use in conducting an interactive interview with a customer"). Indeed, the '372 patent and '007 patent describe basic interactive marketing practices in the respective "Background" sections of the patents. '372 Patent, col. 1, ll. 28–57; '007 Patent, col. 1, ll. 35–61.

    *Alice* explicitly contradicts Plaintiff's contention that because the claims require computer implementation, they are not directed to an abstract idea. *See, e.g.*, Dkt No. 43 at 14 ("[T]he claims are not abstract because they are tied to … a specific way of interactive communication using a computer."). "Stating an abstract idea while adding the words 'apply it with a computer'" cannot



STATEMENT OF RECENT DECISION    - 4 -
CASE NO. 13-CV-04843 JD

transform the abstract idea into a patent-eligible invention. *Alice*, at 13. "Given the ubiquity of computers, … wholly generic computer implementation" is not generally the sort of additional "inventive concept" required by *Mayo. Id.*

Like *Alice*, the claims at issue here, viewed in part and as a whole, amount to "'nothing significantly more' than an instruction to apply the abstract idea [] using some unspecified, generic computer." *Alice*, at 15; *see, e.g.*, '372 Patent, claim 1 ("… obtaining a set of first corresponding participants; executing a first instruction of a first program …"). Plaintiff fails to identify any "inventive concept" in the claims. *See* Dkt. No. 43 at 17–18. Rather, the claim limitations cited and relied on by Plaintiff in its opposition (*e.g.*, "instruction"; "program"; "email"; "website") are "purely functional and generic," like in *Alice*. *See Alice*, at 14–17 (*e.g.*, steps of obtaining data and issuing instructions "purely conventional"; "data storage unit" "purely generic"). Indeed, as previously explained by Defendants (and not disputed by Plaintiff), the computer hardware and functionality recited in the claims of the '372 patent and '007 patent were all well-understood and conventional when the application leading to the patents was filed. *See* Dkt. No. 36 at 17–19.

The standard Defendants used in their prior briefing showing the patents invalid under § 101 is the same standard used by the Supreme Court in *Alice*. Thus, the Court should reject any new arguments by Plaintiff. As previously demonstrated by Defendants, and now confirmed by the Supreme Court in *Alice*, the claims of Plaintiff's patents are directed to patent-ineligible subject matter and are invalid. The Court should grant Defendants' motion and dismiss Plaintiff's first and second causes of action under Federal Rule of Civil Procedure 12(b)(6).[2]

---

[2] *Alice* did not address whether it is proper to find patents invalid under § 101 at the Rule 12 stage. As explained previously, however, the Federal Circuit and a number of district courts hold that it is proper to find patents invalid under § 101 at the Rule 12 stage, even without formal claim construction procedures. *See* Dkt. No. 36 at 3–7. Also, since briefing on the Motion to Dismiss concluded, at least five additional district court decisions—including two decisions from the N.D. Cal.—have found patents invalid under § 101 at the Rule 12 stage: *Gametek LLC v. Zynga, Inc.*, No. 13-2546, 2014 WL 1665090 (N.D. Cal. Apr. 25, 2014) (Seeborg, J.); *Clear With Computers, LLC v. Dick's Sporting Goods, Inc.*, No. 6:12-CV-674, 2014 WL 923280 (E.D. Tex Jan. 21, 2014); *Lumen View Tech. LLC v. Findthebest.com, Inc.*, No. 13 Civ. 3599 (DLC), 2013 WL 6164341 (S.D.N.Y. Nov. 22, 2013); *UbiComm, LLC v. Zappos IP, Inc.*, No. 13-1029-RGA, 2013 WL 6019203 (D. Del. Nov. 13, 2013); and *Internet Patents Corp. v. Gen. Auto. Ins. Servs., Inc.*, No. 12-05036, 2013 WL 7936688 (N.D. Cal. Sept. 24, 2013) (White, J.).

1

2  Dated:  June 26, 2014                    Respectfully submitted,

3                                            KILPATRICK TOWNSEND & STOCKTON LLP

4                                             /s/ Byron R. Chin
                                             A. JAMES ISBESTER
5                                            BYRON R. CHIN

6                                            *Counsel for Defendants Alfresco Software Ltd.,
                                             Alfresco Software, Inc. and Carahsoft Technology
7                                            Corporation*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Brian J. Eutermoser (*pro hac vice*)
Britton F. Davis (*pro hac vice*)
Peter J. Sauer (*pro hac vice*)
Sara J. Radke (*pro hac vice*)
Sarah J. Guske (*pro hac vice*)
Wayne O. Stacy (*pro hac vice*)
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021
Telephone:  720-566-4000
Facsimile:  720-566-4099
beutermoser@cooley.com
bdavis@cooley.com
psauer@cooley.com
sradke@cooley.com
sguske@cooley.com
wstacy@cooley.com

Christopher C. Campbell
COOLEY LLP
11951 Freedom Drive
Reston, VA  20190
Telephone:  703-456-8000
Facsimile:  703-456-8100
ccampbell@cooley.com

Gregory N. Stillman
Brent L. Van Norman
Hunton & Williams LLP
500 East Main Street, Suite 1000
Norfolk, VA  23510
Telephone:  (757) 640-5300
Facsimile:  (757) 625-7720
gstillman@hunton.com
bvannorman@hunton.com

Thomas J. Friel, Jr.
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111
Telephone:  415-693-2000
Facsimile:  415-693-2222
tfriel@cooley.com

*Counsel for Plaintiff Open Text S.A.*

  */s/ Byron R. Chin*
BYRON R. CHIN

*Counsel for Defendants Alfresco Software Ltd., Alfresco Software, Inc. and Carahsoft Technology Corporation*



STATEMENT OF RECENT DECISION
CASE NO. 13-CV-04843 JD

- 7 -