COOLEY LLP
THOMAS J. FRIEL, JR. (SBN 80065)
(tfriel@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

SARAH J. GUSKE (SBN 232467)
(sguske@cooley.com)
WAYNE O. STACY  (*pro hac vice*)
(wstacy@cooley.com)
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021-8023
Telephone:     (720) 566-4000
Facsimile:      (720) 566-4099

Attorneys for Plaintiff Open Text S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPEN TEXT S.A.,<br><br>              Plaintiff,<br><br>     v.<br><br>ALFRESCO SOFTWARE LTD.;<br>ALFRESCO SOFTWARE, INC.; and<br>CARAHSOFT TECHNOLOGY<br>CORPORATION,<br><br>              Defendants. | Case No.  C 13-04843 JD<br><br>**OPEN TEXT'S STATEMENT OF THE IMPACT OF *ALICE CORP. V. CLS BANK INT'L*, NO. 13-298, 574 U.S. ___ (JUNE 19, 2014) ON DEFENDANTS' MOTION TO DISMISS (DKT NO. 35)**<br><br>**DEMAND FOR JURY TRIAL** |

The Court asked the parties to apprise it of the impact that the Supreme Court's recent decision in *Alice Corp. Party Ltd. v. CLS Bank International*, No. 13-298, 574 U.S. __, 2014 WL 2765283 (June 19, 2014) has on the merits of Defendants' Motion to Dismiss.[1] But before this Court addresses *Alice Corp*. and the ultimate issue of patentability under 35 U.S.C. § 101—Defendants' Motion is now moot. The Court ordered Open Text to narrow to 25 asserted claims by June 27, 2014. (Dkt No. 125.) Through that narrowing process, Open Text is now only asserting two claims from the patents subject to Defendants' Motion—claim 38 of the '372 patent and claim 22 of the '007 patent. Critically, Defendants' Motion does not specifically address these claims or deal with the unique limitations these claims contain. Defendants' failure to specifically address the remaining claims or their unique limitations is fatal to their Motion—proving claims cover unpatentable subject matter requires a claim-by-claim analysis and proof by clear and convincing evidence. Defendants' Motion should be dismissed for this reason alone.

The merits of Defendants' Motion fare no better. The *Alice Corp*. opinion does not change the law of patentable subject matter under 35 U.S.C. § 101. The Supreme Court relied on and affirmed its existing precedent in deciding *Alice Corp*. Open Text briefed its Opposition (Dkt No. 43) under this <u>same</u> precedent. Importantly, computer-implemented inventions like those claimed in Open Text's '372 and '007 patents remain patentable. The Supreme Court's holding in *Alice Corp*. reiterates the longstanding proposition that adding a general purpose computer specified at a high level of generality to a claim covering an otherwise unpatentable abstract idea does not convert the abstract idea into a patentable invention.

Open Text's claims, however, do not merely add a general purpose computer to an otherwise unpatentable abstract idea. Instead, under *Alice Corp.*—and the more than 40 years of precedent affirmed by *Alice Corp.*—the Open Text patent claims have limitations that add significantly more and are therefore outside the scope of the narrow "abstract idea" exception to

---

[1] Alfresco Software Ltd., Alfresco Software, Inc., and Carahsoft Technology Corp.'s (collectively "Defendants") moved to dismiss claims of infringement of U.S. Patent No. 7,647,372 ("'372 patent") and U.S. Patent No. 7,975,007 ("'007 patent") for lack of patentable subject matter under 35 U.S.C. § 101, alleging these patents' claim unpatentable "abstract ideas." (Dkt No. 35.)

patentability. This means that Open Text's patent claims constitute patentable subject matter under *Alice Corp.* and that Defendants' Motion fails on the merits.

I. STATEMENT OF IMPACT

    A.    **Defendants' Motion is Moot in Light of Open Text's Court-Ordered Narrowing of Asserted Claims.**

As an initial matter, Defendants' Motion to Dismiss is now moot. Open Text is narrowing to 25 asserted claims at the Court's Order and will only be asserting two claims from the patents subject to Defendants' Motion to Dismiss—claim 38 of the '372 patent and claim 22 of the '007 patent. Defendants' Motion to Dismiss does not specifically address either claim. (*See* Dkt No. 36 at 11, 12, 13, 23, 24, 25, and 27 (addressing only claims 1, 2, 3, 4, 16, 22, and 37 of the '372 patent and claims 1, 2, 3, 4, 18, 21, and 26 of the '007 patent).) Nor does Defendants' Motion deal with the unique limitations in claims 38 or 22. This failure renders their Motion legally insufficient to overcome the patent claims' presumption of validity. 35 U.S.C. § 282; *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1338 (Fed. Cir. 2013).

Each claim of a patent is independently presumed valid under 35 U.S.C. § 101. 35 U.S.C. § 282; *Ultramercial*, 722 F.3d at 1338. As a result, subject matter eligibility "must be determined on a claim-by-claim basis" and invalidity must be shown by "clear and convincing evidence." *Ultramercial*, 722 F.3d at 1338, 1340; *see also* Dkt No. 43 at 11. Defendants fail to meet this burden.

In an attempt to avoid arguing the full merits of their Motion, for the majority of the '372 and '007 patents' claims Defendants state only that "[t]he other dependent claims in the patents are either identical in substance to [the] claims [specifically addressed] or similarly add no 'inventive concept' or particular machine or transformation." (Dkt. No. 36 at 27.) Not only is Defendants' statement factually wrong, as explained below, it is also legally inadequate. This blanket generalization fails to address the unique limitations in the two asserted claims—either individually or in context of the claims as a whole. Both are required. *See Alice Corp.*, 2014 WL 2765283, at *6 n.3. Defendants' failure to address these limitations is fatal to their Motion.

**B. The Supreme Court's Decision in *Alice Corp.* Does Not Change the Law on Patentable Subject Matter or This Court's Analysis of Defendants' Motion.**

The *Alice Corp.* decision does not change the "abstract idea" exception to patentable subject matter under 35 U.S.C. § 101. *See generally*, 2014 WL 2765283. Quite the opposite—the *Alice* Court affirmed its prior abstract idea precedent and the patentable subject matter tests set out in *Mayo*. *See Alice Corp.*, 2014 WL 2765283, at *6 (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012)). The *Alice* Court also reiterated that "the concern that drives [the law of nature, natural phenomena, and abstract idea] exclusionary principle [is] one of pre-emption." *Id*. at *5 (citing *Bilski v. Kappos*, 561 U.S. 593, 611-12 (2010).) Laws of nature, natural phenomena, and abstract ideas are the basic tools of scientific and technological work. *Id.* (citation and quotation omitted). "'[M]onopolization of those tools through the grant of a patent might tend to impede innovation more than it would tend to promote it,' thereby thwarting the primary object of the patent laws." *Id.* (quoting *Mayo*, 132 S. Ct. at 1293, slip op., at 2).

However, the *Alice* Court cautioned that courts must be careful in applying "this exclusionary principle lest it swallow all of patent law" because "[a]t some level 'all inventions ... embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas.'" *Id.* (quoting *Mayo*, 132 S. Ct. at 1293, slip op., at 2). As a result, "an invention is not rendered ineligible for patent simply because it involves an abstract concept." *Id.* (citing *Diamond v. Diehr*, 450 U.S. 175, 187 (1981).) Instead, patents that claim the abstract idea itself are unpatentable because they "'risk disproportionately tying up the use of the underlying' ideas." *Id.* (citing *Mayo*, 132 S. Ct. at 1294, slip. op., at 4, quotation omitted). Patents with claims that integrate the abstract idea into something more are patent-eligible inventions because they pose no comparable risk of pre-empting the underlying abstract idea itself. *See id.*

Based on this foundation, the *Alice* Court used the framework set out in *Mayo* and looked to the patent claims at issue in *Mayo*, *Bilski*, and other cases as examples in determining whether the claims at issue in *Alice Corp.* were unpatentable abstract ideas. *E.g.*, *Alice Corp.*, 2014 WL 2765283, at *6-*7, *9 (discussing *Mayo's* "inventive concept" test requiring claim to contain enough additional features to ensure it is not a claim to the abstract idea itself). The Supreme

Court noted that computer-implemented inventions could be patent eligible (*Id.* at *10), but that the patent claims in *Alice Corp.* were unpatentable because they did nothing more than add some unspecified generic computer to the abstract ideas embodied by the claims. *Id.* at *11. This is not new—it has been the law for method claims since the Supreme Court decided *Gottschalk v. Benson*, 409 U.S. 63 (1972), more than 40 years ago. *Alice Corp.*, 2014 WL 2765283, at *9, *11. The Supreme Court in *Alice Corp.* extended the reasoning in *Benson* to system claims and computer-readable medium claims. *Id.* at *12.

As set out below, Open Text's asserted claims contain significantly more than the underlying abstract idea and are therefore patentable subject matter. And Open Text briefed its Opposition under the precedent affirmed in *Alice Corp.* and Federal Circuit decisions applying those cases. (*See, e.g.*, Dkt No. 43 at 8-9, 13-14, 17-18 (citing *Mayo*, *Bilski*, and *Ultramercial*, 722 F.3d 1335, which was on remand from the Supreme Court for reconsideration in light of *Mayo*).) As a result, the legal framework, cases, and analysis in Open Text's Opposition remain valid, as do Open Text's patent claims.

### C. Under *Alice Corp.* Open Text's Remaining Claims are Patentable Subject Matter—Not "Abstract Ideas."

All the claims of the '372 and '007 patents survive *Mayo's*—and now *Alice's*—patentability test—as set out in Open Text's Opposition. (*See generally*, Dkt No. 43.) The claims are tied to specific programs and hardware operating in specific ways on network-connected computers which eliminate the risk of preempting the field of interactive communications. *Alice Corp.*, 2014 WL 2765283, at *6; *see* Dkt No. 43 at 4, 5, 14. This is very different from simply adding an unspecified general purpose computer to an otherwise unpatentable claim. And currently asserted claims 38 and 22, in particular, add further distinct limitations requiring particular machines and transformations—significantly more than any underlying abstract idea. (*See* Dkt No. 43 at 11-12, 13-14, 17-18.)

For example, claim 38 adds the requirement of a participant interaction with a web site. (Dkt No. 43 at 7, 11; '372 patent, cl. 38.) The Federal Circuit addressed a similar limitation in *Ultramercial*, finding that a claim limitation providing "products for sale on an Internet website"

was indicative of patentable subject matter. 722 F.3d at 1350 (claims required the "method be performed through computers, on the internet, and in a cyber-market environment"). In addition to requiring interaction with a web site, claim 38 requires network-connected computers operating over the internet. (Dkt No. 43 at 4; '372 patent, cl. 38.) These limitations prevent claim 38 from preempting the underlying idea of interactive communication by requiring significantly more than the idea of interactive communications itself. As a result, claim 38 is patentable subject matter. *See Alice Corp.*, 2014 WL 2765283, at \*6.

Similarly, claim 22 adds the requirement of an email server connected to the "dialog computer" for sending email communications to participants. (Dkt No. 43 at 7; '007 patent, cl. 22.) These limitations tie claim 22 to network-connected computers operating with access to the Internet. (*See* Dkt No. 43 at 5, 7.) Again, there is no risk claim 22 will preempt the field of interactive communications, which means claim 22 does not fall within the narrow "abstract idea" exception to patentable subject matter. *See Alice Corp.*, 2014 WL 2765283, at \*6.

Accordingly, if the Court reaches the merits for the '372 and '007 patent claims—and the two currently-asserted claims—the claims are valid patentable subject matter, they are not abstract ideas. (Dkt No. 43 at 13-15.)

## II.   CONCLUSION

Defendants' Motion to Dismiss is moot and should be rejected. And the Supreme Court's decision in *Alice Corp.* does not cure the Motion's deficiencies. The two remaining claims contain meaningful limitations that are significantly more than the underlying abstract ideas themselves. As such, Defendants' Motion fails on the merits and should be dismissed for this additional reason.

| | | |
|---|---|---|
| 1 | Dated: June 26, 2014 | COOLEY LLP |
| 2 | | |
| 3 | | *s/ Sarah J. Guske* |
| 4 | | Thomas J. Friel, Jr. (SBN 80065)<br>Sarah J. Guske (SBN 232467) |
| 5 | | Wayne O. Stacy *(pro hac vice)* |
| 6 | | Brian J. Eutermoser *(pro hac vice)*<br>Britton F. Davis *(pro hac vice)* |
| 7 | | Sara J. Bradford *(pro hac vice)*<br>Angela L. Campbell *(pro hac vice)* |
| 8 | | COOLEY LLP<br>380 Interlocken Crescent, Suite 900 |
| 9 | | Broomfield, CO 80021-8032<br>Telephone: (720) 566-4000 |
| 10 | | Facsimile: (720) 566-4099<br>wstacy@cooley.com |
| 11 | | sguske@cooley.com<br>beutermoser@cooley.com |
| 12 | | bdavis@cooley.com<br>sbradford@cooley.com |
| 13 | | acampbell@cooley.com |
| 14 | | *Attorneys for Plaintiff Open Text S.A.* |
| 15 | 108471282 v2 | |