

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528
t 404 815 6500  f 404 815 6555

direct dial 404 815 6307
direct fax 404 541 3179
adial@kilpatricktownsend.com

August 25, 2014

By Electronic Filing and Hand Delivery

Honorable James Donato
Phillip Burton Federal Building & United States Courthouse
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

   Re: *Open Text S.A. v. Alfresco Software Ltd. et al.*, Civil Action No. 13-CV-04843 JD and *Open Text S.A. v. Box, Inc. et al.*, Civil Action No. 13-CV-04910 JD, Request for Order Compelling Plaintiff to Certify Production of Responsive Documents and to Identify Documents Withheld from Production with Specificity

Dear Judge Donato:

We write on behalf of the consolidated Defendants in the above-captioned matters ("Defendants") to request an order compelling Plaintiff to certify that *all documents* responsive to Defendants' Requests for Production of Documents have been produced *regardless of whether the documents are located in Plaintiff's possession or in the possession of its parent company, Open Text Corporation* ("OTC"), and if it cannot so certify, that Plaintiff *identify with specificity* the documents that were withheld because they are allegedly not in Plaintiff's "possession, custody or control" (by virtue of their location at OTC or another Open Text entity). Defendants have met and conferred on the issues set forth in this letter brief.

Plaintiff has acknowledged that further relevant information responsive to Defendants' document requests is uniquely in the possession, custody or control of OTC and that Defendants must pursue this discovery from OTC directly through the formal Letters Rogatory process in Canada. 4843 D.I. 139-9. Plaintiff has confirmed that OTC (who shares counsel with Plaintiff) intends to oppose the requested discovery in Canada. 4843 D.I. 158-2 at 4. Defendants fear that this opposition will add to the delay already caused by Plaintiff's previous objections to Defendants' proposed Letters Rogatory and creates a serious risk that the fact discovery period will close on October 15, 2014, without Defendants having obtained necessary information from OTC that is otherwise unavailable. Importantly, OTC's purported objection is based on the fact that Defendants' discovery *seeks documents "already produced"* by Plaintiff. Yet, Defendants expressly *seek only those documents that have not already been produced* in this case and which Plaintiff has already confirmed exist.

US2008 5890683 1

August 25, 2014
Page 2

Facing an expedited schedule, it is imperative that Defendants have the opportunity for full and fair discovery regarding Plaintiff's case. Defendants fear that Plaintiff could be hiding responsive and relevant documents under the guise that they are not in Plaintiff's "possession, custody or control" because they are in the possession of OTC. During the June 18, 2014 Case Management Conference, the Court admonished Plaintiff that it would not allow the use of evidence at trial that had not been provided to Defendants during discovery because of the location of that evidence in Canada. A true and correct copy of the transcript of the June 18, 2014 Case Management Conference is included herewith as Exhibit 1. This penalty, albeit important, resolves only half of the dilemma. If Plaintiff is shielding evidence that is helpful to Defendants, it is unlikely that Plaintiff would try to use it at trial. Defendants have a right to full and fair discovery, not just the evidence that Plaintiff deems helpful.

Plaintiff's arguments that identifying documents it withheld from production would impose an "undue burden" on either itself or OTC ring hollow when viewed in the context of this case. Because Plaintiff is relying heavily on its parent, OTC is hardly a disinterested, independent "third party." Indeed, OTC has already participated in this case in a meaningful way by having several of its employees submit declarations in support of Plaintiff's preliminary injunction motion against the Box Defendants; yet, oddly, Plaintiff insists that an Ontario law (the Business Records Protection Act) prevents OTC from producing any documents in this case without formal process. *See, e.g.,* 4843 D.I. 144 at 6. Plaintiff's reliance on Ontario law cannot be reconciled with the fact that OTC has already produced at least some documents in this case, as Plaintiff recently revealed that *the common repository of documents from which it collected and produced responsive documents is managed by an OTC employee*. 4843 D.I. 158-2 at 3.

In addition, the information Defendants seek from OTC is relevant at least to the issue of damages, as Plaintiff seeks lost profits damages, which necessarily implicates OTC and Plaintiff's U.S. affiliate Open Text Inc. because Plaintiff itself has no U.S. sales. Likewise, Plaintiff's claims for reasonable royalty damages and injunctive relief require discovery from OTC because OTC is the previous owner of the Patents-in-Suit and it is the entity that allegedly develops and distributes products that allegedly compete with the products accused of infringement.

Facing an aggressive schedule, it is imperative that Plaintiff *certify that all responsive documents have been produced regardless of whether the documents are located in Plaintiff's possession or in the possession of OTC*. Plaintiff refuses and insists it is Defendants' burden to identify documents that are missing. Given that Plaintiff's production comprises *over 1.2 million documents and more than 7 million pages*, and given that the knowledge of the existence of documents is solely within that of Plaintiff (and OTC), it is imperative that Plaintiff either (1) certify that it produced all responsive documents or (2) identify *with specificity* the documents that it withheld because they are allegedly not in Plaintiff's possession (by virtue of their location at OTC or another Open Text entity). This Court's Standing Order requires nothing less.

In addition, Plaintiff's tactics regarding the Letters Rogatory process have created a serious risk that Defendants may not be able to obtain the necessary discovery before the close of discovery

or even before the trial date.  During the Case Management Conference, Plaintiff's counsel offered to "work out the letters rogatory tonight and have those to you tomorrow," and once the proceedings shifted to Canada, to "use their influence to get them turned quickly" and "move with dispatch."  Ex. 1 at 17-19.  Plaintiff has done just the opposite.  Shortly after the June 18, 2014 Case Management Conference, Defendants provided draft Letters Rogatory to Plaintiff. 4843 D.I. 139-13 at 1.  Three weeks of unsuccessful negotiations followed, at which point Defendants were forced to file a contested motion seeking issuance of their Letters Rogatory on July 18, 2014.  4843 D.I. 139.

During a discovery hearing on August 11, 2014, the Court opined that the information Defendants sought was relevant and expressed an intention to grant Defendants' motion, but Plaintiff then informed the Court and Defendants for the first time that it also intended to seek issuance of its own Letters Rogatory.  The Court ordered a further meet and confer, during which Plaintiff maintained its objections and promised OTC would contest the discovery in Canada. *See, e.g.,* 4843 D.I. 158-2 at 4.  Given that the Letters Rogatory have yet to be issued and in light of Plaintiff's promise of further objections in Canada, there is a risk that the information sought by Defendants may not be obtained before the close of discovery on October 15, 2014.  As a result, Defendants' request in this letter (specifically that Plaintiff certify it produced all responsive documents and, if it cannot, identify with precision any responsive documents in OTC's possession that it did not produce) is therefore important to prevent further delay of the Letters Rogatory process in Canada and allow the opportunity for full and fair discovery in Canada before the close of discovery on October 15, 2014.

Defendants, thus, respectfully request that (1) Plaintiff be compelled to certify that all responsive documents have been produced and (2) if it cannot so certify, that Plaintiff be compelled to identify with specificity any documents it withheld because they are in OTC's possession (which would allow Defendants' discovery requests in the Letters Rogatory process in Canada to be further narrowed).

Sincerely,


/s/ *Audra A. Dial*

Audra A. Dial
Counsel for Defendants